UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY L. BRADLEY,

         Plaintiff,

  v.

TIM LANG, *et al.*,

         Defendants.

Case No. C25-1211-TMC-MLP

REPORT AND RECOMMENDATION

      On June 25, 2025, Plaintiff submitted to the Court for filing a proposed civil rights complaint under 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP"). (Dkt. ## 1, 1-1.) On June 27, 2025, the Clerk's Office notified Plaintiff of deficiencies with his IFP application. (Dkt. # 2.) Specifically, Plaintiff had not signed the Acknowledgement and Authorization portion of the application and had failed to include a prison trust account statement showing transactions for the last six months. (*Id.*) Plaintiff was given until July 28, 2025, to remedy the deficiencies and was warned that failure to do so could lead to the dismissal of his case. (*Id.*) To date, Plaintiff has not remedied the deficiencies noted, nor filed anything further on the docket.

REPORT AND RECOMMENDATION - 1

"To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him [or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted). Accordingly, the district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a)(1). A prisoner seeking to bring a civil action must, in addition, submit a certified copy of a prisoner trust fund account statement for the last six months. 28 U.S.C. § 1915(a)(2). The prisoner must pay the full filing fee over time, as provided by statute. 28 U.S.C. § 1915(b). Accordingly, this district requires an IFP applicant prisoner to sign an acknowledgement of the payment obligation and authorization to collect the funds from the prison trust account.

Plaintiff has not completed a proper affidavit of indigence as required by statute, and thus, Plaintiff fails to demonstrate that he cannot afford court fees. (*See* dkt. # 1.) Accordingly, after careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that Plaintiff's IFP application (dkt. # 1) be DENIED and Plaintiff be directed to pay the filing fee within **thirty (30) days** after entry of the Court's Order adopting this Report and Recommendation. If no filing fee is paid within thirty days of the Court's Order, the Clerk of Court should close the case. A proposed Order accompanies this Report and Recommendation.

1    Objections to this Report and Recommendation, if any, should be filed with the Clerk and
2  served upon all parties to this suit not later than **fourteen (14) days** from the date on which this
3  Report and Recommendation is signed. Failure to file objections within the specified time may
4  affect your right to appeal. Objections should be noted for consideration on the District Judge's
5  motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may
6  be filed by **the day before the noting date**. If no timely objections are filed, the matter will be
7  ready for consideration by the District Judge on **August 27, 2025**.

8    The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and
9  to the Honorable Tiffany M. Cartwright.

10   Dated this 6th day of August, 2025.

							_____
							MICHELLE L. PETERSON
							United States Magistrate Judge

REPORT AND RECOMMENDATION - 3